UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTIAN DOSCHER,

        Plaintiff,

v.

KROGER CO, *at al.*,

        Defendants.

CASE NO. 3:21-cv-05255-BHS

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

This matter is before the undersigned on referral from the District Court and on plaintiff's motion to proceed *in forma pauperis* ("IFP") and his proposed complaint. *See* Dkts. 1-2, 4. In his proposed complaint, plaintiff seeks damages, as well as declaratory and injunctive relief, from defendants based on alleged disability discrimination under the Americans with Disabilities Act and violations of plaintiff's Fourth Amendment rights.

Having screened plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court declines to rule or issue a recommendation on plaintiff's IFP application at this time. Instead, the Court has identified deficiencies in the proposed complaint that will result in dismissal of various

claims if not corrected. As further discussed in this Order, plaintiff's claims against the Tumwater Police Department fail because plaintiff does not bring them against the proper defendant (City of Tumwater). Additionally, plaintiff's claims against defendants Carlos Quiles, and Jon Weiks fail because plaintiff alleges no personal participation or knowledge on the part of these defendants that plaintiff's constitutional rights were allegedly violated. However, the Court will offer plaintiff an opportunity to amend these claims before ruling on his IFP application, if he wishes to proceed against the City of Tumwater and defendants Quiles and Weiks. Failure to show cause or amend the proposed complaint will result in the undersigned recommending dismissal of all claims against these defendants.

If plaintiff takes no action in response to this Order by **May 24, 2021**, the undersigned will recommend granting plaintiff's IFP application and allowing his claims against defendants Kroger, Co., Maygra, Hedges, Thompson, and Mason to go forward but dismissing his claims against defendants Quiles, Weiks, and the Tumwater Police Department.

## BACKGROUND

Plaintiff, who is proceeding *pro se*, filed a deficient IFP application on April 7, 2021 (Dkt. 1) that was corrected on April 14, 2021. *See* Dkt. 4. Plaintiff's proposed complaint is 98 pages long and is somewhat difficult to distill because it contains numerous redundancies and has a confusing organizational scheme. *See* Dkt. 1-2. Accordingly, the Court interprets plaintiff's proposed complaint as follows.

In his proposed complaint, filed pursuant to 42 U.S.C § 1983, plaintiff alleges that on December 21, 2020, he went to a Fred Meyer store (owned and operated by defendant Kroger, Co.) in Tumwater, Washington to pay his electric bill. Dkt. 1-2, at 3, 8. Plaintiff alleges that upon entry to the store, he was not wearing a face mask due to a medical condition. *Id.* at 7–9.

Plaintiff further alleges that three Fred Meyer employees, including defendants Catherine Hedges (a customer service employee) and Daron Maygra (a store manager), asked plaintiff to wear a face mask as required by store policy, but plaintiff declined to do so because of his medical condition. *See id.* at 8. Plaintiff alleges that defendants Hedges and Maygra allowed plaintiff to remain in the store without a face mask. *See id.* at 8–9, 13. Plaintiff further alleges that although he was given permission to remain in the store, defendant Maygra instructed defendant Hedges to call the police and report that plaintiff was refusing to leave the store. *See id.* at 10. However, after allegedly calling the police, defendant Hedges did not ask plaintiff to leave the store and began processing plaintiff's electric bill. *See id.* at 11.

Shortly thereafter, plaintiff alleges that defendant Oran Thompson (a Tumwater police officer) arrived at the Fred Meyer, and defendant Maygra told defendant Thompson that plaintiff refused to leave the store. *See* Dkt. 1-2, at 17. At the time, defendant Hedges was allegedly processing plaintiff's electric bill, and defendant Thompson allegedly said, "I can't trespass him if you are doing that." *Id.* at 18. Defendant Hedges allegedly stopped the transaction, and defendant Thompson escorted plaintiff outside. *See id.* at 18, 25. Plaintiff alleges that he explained to defendant Thompson that he had a medical condition that prevented him from wearing a mask and that defendants Hedges and Maygra had allowed him to remain in the store and fraudulently claimed that plaintiff refused to leave. *See id.* at 19–25. Nonetheless, defendant Thompson allegedly ignored plaintiff's explanation and proceeded to "detain" plaintiff and issue him a trespass warning, banning plaintiff from the Fred Meyer store for a year. *Id.* at 3, 25, 28. Plaintiff alleges that both defendants Maygra and Thompson signed the trespass warning. *See id.* at 28. Plaintiff further alleges that the only reason he was removed from the

store was because of his medical condition and that at least one other customer was allowed in the store without a face mask. *See id.* at 21–22, 28

Plaintiff alleges that he subsequently filed a misconduct and civil rights complaint with the Tumwater Police Department regarding defendant Thompson's alleged actions at the Fred Meyer. *See* Dkt. 1-2, at 36. Plaintiff alleges defendant Jay Mason (a Tumwater police commander) responded to plaintiff's complaint and allegedly stated that defendant Thompson's conduct was "justified, lawful, and/or proper" per Tumwater Police Department policy. *Id.* at 36–37. Plaintiff alleges that the "policy" allows officers to "ignore exculpatory evidence" that plaintiff was not trespassing at the time he was at the Fred Meyer. *Id.* at 35. Plaintiff further alleges that defendants Carlos Quiles (defendant Thompson's supervisor) and Jon Weiks (Tumwater police chief) created and/or ratified this policy, thereby allegedly violating plaintiff's constitutional rights. *See id.* at 38–39.

Based on the forgoing, plaintiff claims that defendants discriminated against him in violation of Title III of the Americans with Disabilities Act ("ADA") and the Washington Law against Discrimination ("WLAD"). Dkt. 1-2, at 4. Plaintiff further claims that defendants violated his Fourth Amendment rights and conspired to discriminate against plaintiff on the basis of his disability in violation of 42 U.S.C. §§ 1983, 1985. *See id.* at 78–84. Plaintiff also claims that defendant Thompson violated 42 U.S.C § 1986 by allegedly failing to prevent the allegedly conspiratorial and discriminatory actions of defendants Hedges, Maygra, and Kroger, Co. *See id.* at 85. Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief from all defendants. *See id.*

**DISCUSSION**

Because plaintiff seeks to proceed IFP, his proposed complaint is subject to screening, meaning that this Court has the authority to strike all or portions of the complaint at any time if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). This Court will offer plaintiff an opportunity to amend his complaint to cure the deficiencies, unless it is clear that amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Having carefully screened plaintiff's proposed complaint (Dkt. 1-2), the Court finds that at least for screening purposes, plaintiff has adequately stated claims against defendants Kroger Co., Hedges, Maygra, Thompson, and Mason for alleged violations of plaintiff's rights under Title III of the ADA, WLAD, the Fourth Amendment, and 42 U.S.C. §§ 1983, 1985, 1986. *See* Dkt. 1-2. However, for the reasons discussed below, the Court finds that plaintiff has failed to state a claim against the Tumwater Police Department and defendants Quiles and Weiks.

### I.    Legal Principles

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When a plaintiff is proceeding *pro se*, this Court must "construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

## II. Claims Against Tumwater Police Department

Plaintiff requests compensatory and punitive damages from the Tumwater Police Department based on the alleged violation of plaintiff's Fourth Amendment rights. Although plaintiff has alleged a municipal policy that allegedly caused the deprivation of plaintiff's Fourth Amendment rights, he has failed to name the proper party. The proper defendant is the City of Tumwater—not the police department—since the City of Tumwater is the municipal entity at issue. *See, e.g.*, *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Thus, Tumwater Police Department is not an appropriate party to this action.

## III. Claims Against Defendants Quiles and Weiks

Plaintiff requests damages from defendants Quiles (a Tumwater police supervisor) and Weiks (the Tumwater police chief) based on these defendants' creation and/or ratification of the municipal policy that allegedly caused the violation of plaintiff's Fourth Amendment rights.

In order to assert a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that (1) he suffered a violation of rights protected by the Constitution or created by a federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a Section 1983 claim is therefore to identify the specific constitutional or federal right allegedly infringed. *Albright v.*

*Oliver*, 510 U.S. 266, 271 (1994).  To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Although plaintiff alleges that defendants Quiles and Weiks had supervisory roles regarding the creation and/or ratification of the Tumwater police policy at issue, plaintiff has failed to allege any personal knowledge or participation of these defendants regarding the alleged violation of plaintiff's Fourth Amendment rights.  "Liability under [42 U.S.C. §] 1983 arises only upon a showing of personal participation by the defendant. [. . .]  A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under [§] 1983."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  Further, a plaintiff seeking to hold a policy maker liable under § 1983 must demonstrate that the municipal policy at issue "reflects deliberate indifference to the constitutional rights of its [municipal] inhabitants."  *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073, 1076–77 (9th Cir. 2016) (citation omitted) (discussing that a defendant's knowledge or notice of a substantial risk of harm to established rights is necessary to show that a policy reflects deliberate indifference).

Without additional factual allegations linking defendants Quiles and Weiks' alleged actions with plaintiff's alleged constitutional deprivations and the creation of a deliberately indifferent policy, plaintiff's claims against these defendants are not viable.  *See Arnold*, 637 F.2d at 1355.

## CONCLUSION AND DIRECTIONS TO CLERK AND PLAINTIFF

Due to the deficiencies described above, the Court declines to rule on plaintiff's IFP application at this time. Unless plaintiff shows cause or amends his proposed complaint on or before **May 24, 2021**, the undersigned will recommend that the claims against Tumwater Police Department and against defendants Quiles and Weiks be dismissed without prejudice and that the IFP motion be granted. The matter will then proceed solely on the basis of plaintiff's claims against defendants Kroger, Co., Hedges, Maygra, Thompson, and Mason.

Plaintiff may take no action in response to this Order, in which case the undersigned will rule on plaintiff's IFP application solely based on claims against defendants Kroger, Co., Hedges, Maygra, Thompson, and Mason. If plaintiff wishes to amend his proposed complaint, he must file an amended proposed complaint on the form provided by the Court and within that complaint, he must write a short, plain statement telling the Court: (1) each constitutional and/or statutory right that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional and/or statutory rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

The amended proposed complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended proposed complaint **shall not exceed twenty (20) pages** absent leave of Court and upon a showing of good cause. The amended proposed complaint will act as a complete substitute for the original complaint and

not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended proposed complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended proposed complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint for a person not in custody. The Clerk is further directed to send copies of this Order to plaintiff.

Dated this 23rd day of April, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 9