UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN DOSCHER,<br><br>        Plaintiff,<br><br>    v.<br><br>KROGER CO, *et al.*,<br><br>        Defendants. | CASE NO. 3:21-cv-05255-BHS<br><br>REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* APPLICATION<br><br>NOTED FOR:  June 18, 2021 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura.  *See* Am. Gen. Order No. 02-19.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B) and Magistrate Judge Rules MJR3 and MJR4.

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP") (Dkt. 4) and the Court's Order to Show Cause or Amend Proposed Complaint.  *See* Dkt. 5.  Plaintiff, proceeding *pro se*, has not responded to the Court's order, despite that the deadline to do so was May 24, 2021.  *See id.*  Because plaintiff has failed to timely respond to the Court's order to show cause (Dkt. 5), the undersigned recommends that the District Court dismiss

plaintiff's claims against the Tumwater Police Department, Carlos Quiles, and Jon Weiks. Regarding plaintiff's remaining claims, the Court recommends that plaintiff's IFP application should be granted.

## BACKGROUND

Plaintiff filed a deficient IFP application on April 7, 2021 (Dkt. 1) that was corrected on April 14, 2021. *See* Dkt. 4. In his proposed complaint, filed pursuant to 42 U.S.C. § 1983, plaintiff alleges that on December 21, 2020, he went to a Fred Meyer store (owned and operated by defendant Kroger Co.) in Tumwater, Washington to pay his electric bill. *See* Dkt. 102, at 3, 8. Plaintiff alleges that upon entry to the store, he was not wearing a face mask due to a medical condition. *See id.* at 7–9. Plaintiff further alleges that defendants Catherine Hedges (a Fred Meyer store employee) and Daron Maygra (a Fred Meyer store manager) permitted plaintiff to remain in the store without a mask due to his medical condition, despite store policy, but later called the police and allegedly told the police that plaintiff refused to leave the store. *See id.* at 8–10, 13.

Shortly thereafter, plaintiff alleges defendant Oran Thompson (a Tumwater police officer) arrived at the Fred Meyer store and instructed defendant Hedges to stop serving plaintiff so that he could "trespass him." Dkt. 1-2, at 17–18. Although plaintiff allegedly explained to defendant Thompson that he had a medical condition that prevented him from wearing a mask, defendant Thompson proceeded to "detain" plaintiff outside of the store and to issue him a trespass warning, banning plaintiff from the store for a year. *See id.* at 3, 18–25, 28. Plaintiff alleges that although he was removed from the store for not wearing a mask (due to a medical condition), at least one other customer was permitted in the store without a face mask. *See id.* at 21–22, 28.

Plaintiff alleges that he subsequently filed a misconduct and civil rights complaint with the Tumwater Police Department regarding defendant Thompson's alleged actions at the Fred Meyer. *See* Dkt. 1-2, at 36. Plaintiff alleges defendant Jay Mason (a Tumwater police commander) responded to plaintiff's complaint and allegedly stated that defendant Thompson's conduct was "justified, lawful, and/or proper" per Tumwater Police Department policy. *Id.* at 36–37. Plaintiff alleges that the "policy" allows officers to "ignore exculpatory evidence" that plaintiff was not trespassing at the time he was at the Fred Meyer. *Id.* at 35. Plaintiff further alleges that defendants Carlos Quiles (defendant Thompson's supervisor) and Jon Weiks (Tumwater police chief) created and/or ratified this policy, thereby allegedly violating plaintiff's constitutional rights. *See id.* at 38–39.

Based on the forgoing, plaintiff claims that defendants discriminated against him in violation of Title III of the Americans with Disabilities Act ("ADA") and the Washington Law against Discrimination ("WLAD"). Dkt. 1-2, at 4. Plaintiff further claims that defendants violated his Fourth Amendment rights and conspired to discriminate against plaintiff on the basis of his disability in violation of 42 U.S.C. §§ 1983, 1985. *See id.* at 78–84. Plaintiff also claims that defendant Thompson violated 42 U.S.C § 1986 by allegedly failing to prevent the allegedly conspiratorial and discriminatory actions of defendants Hedges, Maygra, and Kroger, Co. *See id.* at 85. Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief from all defendants. *See id.*

## DISCUSSION

On April 23, 2021, the Court screened plaintiff's proposed complaint (Dkt. 1-2) pursuant to 28 U.S.C § 1915(e)(2). *See* Dkt. 5. Having carefully screened his proposed complaint (Dkt. 2-1), the Court found that at least for screening purposes, plaintiff had adequately stated claims

against defendants Kroger Co., Hedges, Maygra, Thompson, and Mason for alleged violations of plaintiff's rights under Title III of the ADA, WLAD, the Fourth Amendment, and 42 U.S.C. §§ 1983, 1985, 1986. *See* Dkt. 5, at 5. However, the Court declined to rule on plaintiff's IFP application (Dkt. 4) at that time on the basis that plaintiff failed to state claims upon which relief can be granted against defendants Tumwater Police Department, Quiles, and Weiks. *See* Dkt. 5, at 2. Specifically, the Court stated that plaintiff's claim under the Fourth Amendment against the Tumwater Police Department failed because plaintiff failed to name the proper party—the City of Tumwater. *See id.* at 6. The Court further stated that plaintiff's claims against defendants Quiles and Weiks failed because plaintiff failed to allege any personal knowledge or participation on the part of these defendants regarding the alleged violation of plaintiff's Fourth Amendment rights. *See id.* at 7. The Court further noted that plaintiff failed to allege any factual allegations linking defendants Quiles and Weiks to the creation of a deliberately indifferent municipal policy which resulted in the alleged violation of plaintiff's Fourth Amendment rights. *See id.*

The Court warned plaintiff that if he failed to amend his proposed complaint or adequately address the issues raised in the order to show cause on or before May 24, 2021, the undersigned would recommend dismissal of his claims against defendants Tumwater Police Department, Quiles, and Weiks without prejudice. *See* Dkt. 5, at 2, 8. The Court further stated that if plaintiff failed to respond to the order to show cause, the undersigned would recommend granting plaintiff's IFP application (Dkt. 4) as to his claims against only defendants Kroger Co., Hedges, Maygra, Thompson, and Mason. *See* Dkt. 5, at 8.

Plaintiff has taken no action in response to the Court's order to show cause. Therefore, the undersigned recommends that plaintiff's IFP application (Dkt. 4) be **GRANTED** as to his

claims against defendants Kroger Co., Hedges, Maygra, Thompson, and Mason.  Plaintiff is not a prisoner within the meaning of the Prison Litigation Reform Act.  The portion of the Act requiring a prisoner to pay the filing fee in installments does not apply to plaintiff.  Plaintiff does not appear to have funds available to afford the $402.00 filing fee.  *See* Dkt. 4.  Plaintiff shall note that leave to proceed as a pauper does not necessarily entitle plaintiff to a waiver of any other cost(s) of litigation.

The undersigned further recommends that plaintiff's claims against defendants Tumwater Police Department, Carlos Quiles, and Jon Weiks should be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 18, 2021**, as noted in the caption.

Dated this 1st day of June, 2021.

_____
J. Richard Creatura
Chief United States Magistrate Judge